IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| James S. Agostini; Jeanine A. Bodie; Patrick P. Burgess; S. Stanley Hill; Robert S. Paschal, III; Jeb S. Zoller; Stephen E. Simmons; Bradford J. Wilson; LPL Financial LLC; and DaVinci Financial Designs, LLC,<br><br>Petitioners,<br><br>vs.<br><br>First Command Financial Services, Inc. and First Command Financial Planning, Inc.<br><br>Respondents. | Civil Action No.<br><br><br><br><br><br><br><br>**MEMORANDUM IN SUPPORT OF PETITION AND APPLICATION TO CONFIRM ARBITRATION AWARD** |

The Petitioners respectfully submit this memorandum in support of their Petition and Application to Confirm an arbitration award of the Financial Industry Regulatory Authority ("FINRA") pursuant to 9 U.S.C. § 9.

## INTRODUCTION

Petitioners James S. Agostini, Jeanine A. Bodie, Patrick P. Burgess, S. Stanley Hill, Robert S. Paschal, III, Jeb S. Zoller, Stephen E. Simmons, Bradford J. Wilson, LPL Financial LLC, and DaVinci Financial Designs, LLC  seek confirmation of the arbitration award issued in FINRA case number 12-0697, consolidated with cases 12-01688, 12-1746, 12-1747, and 12-1748 (the "Award"). The Award results from the arbitration process administered by FINRA during hearings that took place from May 13, 2013, through May 30, 2013, before a three-member arbitration panel (the "Panel").  This Petition and Application should be granted and the award confirmed into a judgment because the arbitration was in all respects proper and the award is final and binding.

**EXHIBIT B**

Each party involved in the dispute is either a broker dealer or an associated person; each is governed by the securities and exchange laws and subject to FINRA jurisdiction. Individual Petitioners Agostini, Zoller, Burgess, and Simmons and the Respondents First Command Financial Services, Inc. and First Command Financial Planning, Inc. (Collectively "First Command") filed separate FINRA claims against each other.  First Command separately filed FINRA claims against all Petitioners.  All of the claims were heard in a consolidated hearing.  On October ___, 2013, the FINRA Panel issued a Final Award, which the Petitioners now seek to have confirmed.  (Attached as **Exhibit 1**.)

### THE PARTIES

1. Petitioner James S. Agostini is a citizen of South Carolina.

2. Petitioner Jeanine A. Bodie is a citizen of South Carolina.

3. Petitioner Patrick P. Burgess is a citizen of South Carolina.

4. Petitioner S. Stanley Hill is a citizen of South Carolina.

5. Petitioner Robert S. Paschal, III is a citizen of South Carolina.

6. Petitioner Jeb S. Zoller is a citizen of South Carolina.

7. Petitioner Stephen E. Simmons is a citizen of South Carolina.

8. Petitioner Bradford J. Wilson is a citizen of South Carolina.

9. Petitioner LPL Financial LLC is a limited liability company organized under the laws of the State of California.

10. Petitioner DaVinci Financial Designs, LLC is a limited liability company organized under the laws of the State of South Carolina.

11. Respondent First Command Financial Services, Inc. is a corporation organized under the laws of the State of Texas.

12. Respondent First Command Financial Planning, Inc. is a corporation organized under the laws of the State of Texas.

13. Respondents First Command Financial Services, Inc. and First Command Financial Planning, Inc. are subject to personal jurisdiction in this Court.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  This Court also has subject matter jurisdiction over this matter pursuant to 9 U.S.C. § 1, *et seq*., because this is an action to confirm an arbitration award under the Federal Arbitration Act ("FAA").  Under the FAA, upon service of notice of the application for confirmation on the adverse party, "the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." 9 U.S.C. § 9.  Additionally, FINRA rules state that "awards may be entered as a judgment in any court of competent jurisdiction."  FINRA Rule 13904.

Venue for confirmation of the Award is proper in this Court pursuant 9 U.S.C. § 9, as this is the District in which the arbitration proceeding was held and the Award was granted.

## FACTUAL BACKGROUND

Four of the Individual Petitioners, Agostini, Zoller, Burgess, and Simmons, each had an Advisor Agreement with First Command in which they provided financial planning services through First Command.  (Attached as **Exhibits 2, 3, 4, 5**).  The other Individual Petitioners, Hill, Bodie, Wilson, and Paschal, had agreements with Agostini, Burgess, or Zoller.  (Attached as **Exhibits 6, 7, 8, 9**).  DaVinci had no agreement with First Command. LPL Financial LLC also had no agreement with First Command.

On May 4, 2012, the Individual Respondents terminated their respective agreements by providing written notice to First Command.  Individual Petitioners Agostini (FINRA No. 12-01688), Zoller (FINRA No. 12-01747), Burgess (FINRA No. 12-01746), and Simmons (FINRA No. 12-01748) filed claims with FINRA against First Command.

On or about May 9, 2012, First Command filed a FINRA claim (FINRA No. 12-01697) against the Individual Petitioners, LPL, and DaVinci and concurrently filed a complaint in Tarrant County Texas, Cause No. 048-259234-12 – 48th Judicial Circuit seeking an injunction against the eight Individual Petitioners, but not against DaVinci or LPL.  The Texas state court has no jurisdiction over LPL or DaVinci.  FINRA properly had jurisdiction over all parties and

3

the disputes in question.

A three-member FINRA Panel held two hearings in the FINRA cases: one in July 2012 in which the Panel heard and denied First Command's request for a permanent injunction (attached as **Exhibit 10**) and another in May 2013 from which the Final Award (**Exhibit 1**) in question is before the Court on Petitioners' Petition and Application to confirm.

## ARGUMENT

**I.      Summary Confirmation of the Award Is Required by the FAA.**

The Petitioners seek the straightforward procedural relief of confirmation of the Award as a judgment against the Respondents. Under the FAA, any party to an arbitration may apply to a court for confirmation of an award within a year after the award is made. 9 U.S.C. § 9. The Final Award was issued on November 6, 2013, and thus the Petition and Application is timely.

The FAA instructs that the Court "must" grant an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA.  9 U.S.C. § 9. Accordingly, an arbitration award confirmation proceeding is summary.  "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act."  *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986).  *See also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984)) ("Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court'. . . ."); *Coast Trading Co. v. Pacific Molasses Co.*, 681 F.2d 1195, 1197–98 (9th Cir. 1982).

In the absence of grounds to vacate, modify, or correct the award, this court is obligated to confirm Petitioners' arbitration award into a judgment. *See Doctor's Assocs., Inc. v. Cassarotto*, 517 U.S. 681 (1996) (stating the purpose of the FAA is to ensure that private agreements to

arbitrate are enforced); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) ("[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate."); *Southland Corp. v. Keating*, 465 U.S. 1, 15–16 (1984) (holding the FAA preempts state law and state courts cannot apply state statutes that invalidate arbitration agreements).

The standard of review of an arbitrator's decision by the court is very narrow and generally limited to the grounds for review identified in 9 U.S.C. §§ 10–11. *See Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 583 (2008) ("We now hold §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification.").

Further, the court may not examine the merits of the decision except to the extent that the award exceeds the agreement of the parties. *See Burchell v. Marsh*, 58 U.S. 344, 349 (1854) (stating the appropriate scope of judicial review is whether the award is the honest decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will not otherwise set aside an award for error).

## II.     No Grounds Exist to Vacate, Modify, or Correct the Award.

Any attempt by the Respondents to have the Award vacated, modified, or corrected would be meritless.

The only grounds for vacating an arbitration award are set out in 9 U.S.C. § 10(a):

(1) Where the award was procured by corruption, fraud, or undue means;

(2) Where there was evident partiality or corruption in the arbitrators, or either of them;

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

None of these grounds for vacatur exists in this matter. The grounds for modifying or correcting

5

an arbitration award under 9 U.S.C. § 11 are that the award contains an evident miscalculation of figures or an evident material mistake in description, the arbitrator ruled on claims or matters that were not submitted to the Panel for decision, and there is something in the award that renders it imperfect as a matter of form not affecting the merits of the arbitration.  9 U.S.C. § 11(a)–9(c).  Here, the arbitrators, having considered the pleadings and other evidence presented at the hearing, ruled in favor of Petitioners.  (*See* Final Award, **Exhibit 1**).  None of these statutory grounds for modifying or correcting the Award exists here.  Therefore, the Award should be confirmed.

## CONCLUSION

Petitioners move that the Final Award be confirmed and that any additional fees and costs required to enforce this Order be granted to the Petitioners.

Dated:  November 6, 2013

                NELSON MULLINS RILEY & SCARBOROUGH LLP

                By: s/Kristen E. Horne
                    Kristen E. Horne
                    Federal Bar No. 10136
                    Cory E. Manning
                    Federal Bar No. 9697
                    1320 Main Street / 17th Floor
                    Post Office Box 11070 (29211-1070)
                    Columbia, SC  29201
                    (803) 799-2000 (phone)

                *Attorneys for LPL Financial LLC*

McNAIR LAW FIRM, P.A.

By: s/Richard J. Morgan
   Richard J. Morgan
   Federal Bar No. 1266
   1221 Main St., Suite 1800 (29201)
   P.O. Box 11390 (29211)
   Columbia, SC
   (803) 799-9800 (phone)

*Attorneys for James S. Agostini, Jeanine A. Bodie, S. Stanley Hill, Bradford J. Wilson, and DaVinci Financial Designs, LLC*

THE GIESE LAW FIRM, LLC

By: s/Justin M. Kata
   Justin M. Kata
   Federal Bar No. 10995
   Barney Giese
   Federal Bar No. 6016
   1315 Blanding Street
   Columbia, SC 29201
   803-708-6767 (phone)

*Attorneys for Patrick P. Burgess, Robert S. Paschall, Stephen E. Simmons, and Jeb S. Zoller*

Of Counsel:

Elizabeth Ann Agostini
1096 Route 30
PO Box 336
Townshend, VT 05353
802-365-7740 (phone)

*Attorney for DaVinci Financial Designs, LLC*

Columbia, South Carolina
November 6, 2013

7