IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FIRST COMMAND FINANCIAL | § | |
| SERVICES, INC. and FIRST COMMAND | § | |
| FINANCIAL PLANNING, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-cv-926-O |
| | § | |
| DAVINCI FINANCIAL DESIGNS, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' MOTION TO PARTIALLY DISMISS DEFENDANT'S COUNTER-
APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD AND,
SUBJECT TO ITS MOTION TO PARTIALLY DISMISS, ANSWER TO
PORTION OF DEFENDANT'S COUNTER-APPLICATION
NOT ADDRESSED BY THE MOTION TO PARTIALLY DISMISS**

Plaintiffs First Command Financial Services, Inc. and its wholly-owned subsidiary First

Command Financial Planning, Inc. (collectively "Plaintiffs" or "First Command") submits the

following Motion to Partially Dismiss Defendant's Counter-Application for Confirmation of

Arbitration Award and, Subject to Its Motion to Partially Dismiss, Answer to Portion of

Defendant's Counter-Application for Confirmation of Arbitration Award Not Addressed by the

Motion to Partially Dismiss:

**I.
PLAINTIFFS' MOTION TO DISMISS**

**SUMMARY**

1.      On November 6, 2013, a Financial Industry Regulatory Authority ("FINRA")

arbitration panel served its award entered in FINRA Case No. 12-01697 (administratively

consolidated with FINRA Case Nos. 12-01688, 12-01746, 12-01747 and 12-01748), styled as

*First Command Financial Services, Inc. and First Command Financial Planning, Inc. v. James*

*S. Agostini, Jeanine A. Bodie, Patrick P. Burgess, S. Stanley Hill, Robert S. Paschal, III, Jeb S. Zoller, Stephen E. Simmons, Bradford J. Wilson, LPL Financial LLC and DaVinci Financial Designs, LLC* ("Award").  In the Award, the FINRA arbitration panel, among other things: (a) ordered that First Command pay certain amounts to James S. Agostini, Patrick P. Burgess, Jeanine A. Bodie, Jeb S. Zoller and Stephen E. Simmons; (b) ordered that certain amounts owed by James S. Agostini, Patrick P. Burgess, Jeanine A. Bodie, Shelby S. Hill, Bradford J. Wilson, Jeb S. Zoller and Stephen E. Simmons be paid to First Command; (c) ordered that James S. Agostini, Jeb S. Zoller, Patrick P. Burgess and Defendant DaVinci Financial Designs, LLC ("DaVinci") pay certain amounts to First Command; and (d) denied other relief requested amongst the parties to the arbitration.

2.      DaVinci requests in its Counter-Application for Confirmation or Arbitration ("Counter-Application") that the Court "confirm the entirety of the" Award.  DaVinci's request is improper to the extent that DaVinci asks this Court to confirm the Award in its entirety as to *all parties* to the Award – including the parties to the Award who are not before this Court. DaVinci does not have standing to make such a request and any such request must be dismissed pursuant to FED. R. CIV. P. 12(b)(1).  First Command does not dispute DaVinci's request that this Court confirm the Award as to the relief granted and denied in the Award between DaVinci and First Command, which are the only parties before this Court.

## ARGUMENT

3.      DaVinci lacks standing to request that the entire Award be confirmed and, thus, any such request must be dismissed.  "Article III, § 2 of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies,'" which has been judicially construed to mean cases and controversies amenable to being resolved by the judicial process.

*Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.,* 702 F.3d 794, 799 (5th

Cir. 2012) (citing U.S. CONST. art. III, § 2).   Standing is a requirement for a case to be

amenable to being resolved by the judicial process.  *See id.*

> To have standing, "there must be alleged (and ultimately proved) an 'injury in
> fact' – a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent,
> not 'conjectural' or 'hypothetical.'   Second, there must be causation – a fairly
> traceable connection between the plaintiff's injury and the complained-of conduct
> of the defendant.   And third, there must be redressability – a likelihood that the
> requested relief will redress the alleged injury.

*Id.* (quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102 (1998)).   "[T]he party

invoking federal jurisdiction bears the burden of establishing its existence."  *Id.*

    4.    DaVinci's Counter-Application does not allege that DaVinci will suffer any harm

– much less any harm that is concrete and actual or imminent – if the portions of the Award not

between First Command and DaVinci, *i.e.*, the portions of the Award that are only between First

Command and James S. Agostini, Jeanine A. Bodie, Patrick P. Burgess, S. Stanley Hill, Robert

S. Paschal, III, Jeb S. Zoller, Stephen E. Simmons, Bradford J. Wilson, and LPL Financial LLC

(collectively, the "Non-DaVinci Respondents"), the other respondents in FINRA Case No. 12-

01697 ("the FINRA Arbitration"), are not confirmed.   DaVinci's Counter-Application is also

devoid of any allegations concerning causation of any alleged injury to DaVinci related to any

portion of the Award between First Command and any of the Non-DaVinci Respondents or any

other facts to support any standing by DaVinci to seek confirmation of the portions of the Award

between First Command and the Non-DaVinci Respondents.   Consequently, DaVinci does not

have standing to request confirmation of the portions of the Award concerning relief granted and

denied between First Command and the Non-DaVinci Respondents and any such request for

confirmation of the entirety of the Award must be dismissed.  *See Scottsdale Ins. Co. v. Knox*

*Park. Constr. Inc.,* 488 F.3d 680, 684-85 (5th Cir. 2007) (stating that a party cannot champion

another party's claim and dismissing an appeal for lack of standing); *see also, Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.,* 32 F.3d 205, 208 (5th Cir. 1994) (stating that an indirect financial stake in another party's claims is insufficient to create standing and dismissing an appeal for lack of standing). In recognition of DaVinci's lack of standing, all of the Non-DaVinci Respondents have themselves already asked other courts to confirm the Award as between those parties and First Command.[1]

## II.
## ANSWER

Subject to its Motion to Partially Dismiss Defendant's Counter-Application for Confirmation of Arbitration Award, First Command provides the following Answer to Portion of Defendant's Counter-Application for Confirmation of Arbitration Award Not Addressed by the Motion to Partially Dismiss:

5. First Command admits that DaVinci has filed a petition and application to confirm the arbitration award in its entirety in the United States District Court for the District of South Carolina, Columbia Division, in Civil Action No. 3:13-cv-03026-MBS, styled *James S. Agostini; Jeanine A. Bodie; Patrick P. Burgess; S. Stanley Hill; Robert S. Paschal, II; Jeb S. Zoller; Stephen E. Simmons; Bradford J. Wilson; LPL Financial LLC; and DaVinci Financial Designs, LLC v. First Command Financial Services, Inc. and First Command Financial*

---

[1] Prior to First Command's filing of its Application for Partial Confirmation in this matter, First Command filed an Application to Partially Vacate and Partially Confirm in a proceeding styled as Cause No. 48-259234-12, *First Command Financial Services, Inc. and First Command Financial Planning, Inc. v. James S. Agostini, Jeanine A. Bodie, Patrick P. Burgess, S. Stanley Hill, Robert S. Paschal, III, Jeb S. Zoller, Stephen E. Simmons, and Bradford J. Wilson,* that has been pending in the 48th Judicial District Court of Tarrant County, Texas since May 9, 2012 ("Texas State Court Proceeding"). James S. Agostini, Jeanine A. Bodie, Patrick P. Burgess, S. Stanley Hill, Robert S. Paschal, III, Jeb S. Zoller, Stephen E. Simmons and Bradford J. Wilson (collectively "Individual Defendants") filed a Counter-Petition and Application to Confirm the Award in the Texas State Court Proceeding. On November 22, 2013, the Court in the Texas State Court Proceeding heard oral argument on First Command's and the Individual Defendants' applications concerning the Award, and First Command and the Individual Defendants are currently awaiting a ruling on these applications. Also, as stated by DaVinci in its Counter-Application, the Non-DaVinci Respondents have filed an application to confirm the Award in a subsequently-filed proceeding in Civil Action No. 3:13-cv-03026-MBS pending in the United States District Court for the District of South Carolina, Columbia Division. Thus, applications from all the Non-DaVinci Respondents are already pending in one or more courts.

*Planning, Inc.*   First Command also admits that DaVinci filed its application to confirm arbitration award the same morning that First Command filed its application, although the application by DaVinci in the United States District Court for the District of South Carolina was filed after First Command filed its application before this Court.   First Command does not dispute DaVinci's ability to assert a counter-application for confirmation before this Court as to the relief granted and denied in the Award between First Command and DaVinci.   First Command denies DaVinci's ability to assert a counter-application for confirmation before this Court as to the relief granted and denied in the Award between individuals and entities who are not parties to this lawsuit.

6.     First Command does not dispute DaVinci's request to confirm the arbitration award in Financial Industry Regulatory Authority Case No. 12-01697, styled as *First Command Financial Services, Inc. and First Command Financial Planning, Inc. v. James S. Agostini, Jeanine A. Bodie, Patrick P. Burgess, S. Stanley Hill, Robert S. Paschal, III, Jeb S. Zoller, Stephen E. Simmons, Bradford J. Wilson, LPL Financial LLC and DaVinci Financial Designs, LLC* ("Award") as it relates solely to relief granted and denied between DaVinci and First Command.   First Command denies that DaVinci has standing and may proceed on any request to confirm the entirety of the Award as between all parties to the Award, denies that the Court should confirm the entirety of the Award, and specifically denies that the Court should confirm the portion of the Award directing First Command to pay James S. Agostini, Jeanine A. Bodie, Patrick P. Burgess, Jeb S. Zoller and Stephen E. Simmons ("Individual Respondents") balances in Mission Accomplishment Plan and Elective Deferral Accounts.

7.     All allegations not specifically admitted herein are denied.

## CONCLUSION AND REQUEST FOR RELIEF

8.     For all of the reasons set forth above, First Command respectfully requests that the Court dismiss DaVinci's request to confirm the Award in its entirety; that the Court confirm the Award as to the relief granted and denied between First Command and DaVinci; and that the Court grant First Command any and all further relief to which it may be entitled, including, but not limited to, attorneys' fees and costs related to filing of its Application for Partial Confirmation.

Respectfully submitted,


/s/ Karen C. Denney
Karen C. Denney
State Bar No. 24036395
HAYNES AND BOONE, L.L.P.
201 Main Street, Suite. 2200
Fort Worth, Texas 76102
Telephone:  (817) 347-6600
Telecopier:  (817) 347-6650
karen.denney@haynesboone.com

Thomas D. Cordell
State Bar No. 04820600
HAYNES AND BOONE, L.L.P.
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone:  (713) 547-2072
Telecopier:  (713) 236-5627
thomas.cordell@haynesboone.com

**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2013, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Craig T. Enoch
ENOCH KEVER PLLC
600 Congress Avenue, Suite 2800
Austin, Texas 78701


/s/ Karen C. Denney
Karen C. Denney